PER CURIAM.
This suit was brought by George C. Mc-Clatchey against Guaranty Bank and Trust 'Company, Joseph Walters, and Marcel Du-hon, jointly and severally. The demand is in the amount of $2,071.00, founded upon the unauthorized payment of a check issued by petitioner. Exceptions of no cause of action and exceptions to the verification were filed on behalf of the defendants and were maintained below. Petitioner appeals.
Petitioner alleges that, on January 14, 1950, he executed a document, purporting to be a check made payable to the order of “cash”, in the sum of $2,071.00. Petitioner alleges further that he did not intend said document to become negotiable and that he, therefore, inscribed the word “Hold” across the face thereof. Said document was then turned over to defendant Joseph Walters, no consideration therefor being received by petitioner. At the time, petitioner’s account with said bank was far from sufficient to satisfy said check. Later, on January 22, 1951, the check was presented to defendant bank, which honored same. Petitioner alleges that, at the time of said presentation to the bank, the word “Hold” liad been removed by ink eradicator, and the check had, therefore, been discolored. Marcel Duhon was made a party defendant herein by virtue of petitioner’s allegation that he had assisted defendant Walters in removing the word “Hold” from the check. Exceptions were filed as mentioned hereinabove, and from judgment maintaining said exceptions, petitioner takes this suspensive appeal.
There is no question but that the amount in dispute herein is in the sum of $2,071.00. Under the provisions of Article 7, Section 10, of the Constitution of this State, this *43 Court has no jurisdiction, in a civil appeal of this nature, where the amount in dispute exceeds the sum of $2,000.00. This appeal should have been lodged with the Louisiana Supreme Court. Upon hearing before this Court, the parties agreed that this appeal should have been so made.
As this Court is without jurisdiction, it is ordered, adjudged, and decreed that this appeal be, and it is hereby, transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal is to be deemed dismissed. Appellant is to pay the costs of appeal in this Court; the remaining costs to await final determination of the matter.
Transferred to Supreme Court